# United State Bankruptcy Court
# Southern District of Florida

In re:  KENEL CAZEAU and       Case Number:     11-31153-JKO

      BERNADETTE CAZEAU       Chapter 11

           Debtors.

_____/

## PROPOSED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT

## DISCLOSURE STATEMENT

**INTRODUCTION**

This is Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the Plan). The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

**Background Summary**

The debtor is a Chiropractor in Fort Lauderdale, who in addition to his Chiropractic practice, owns a home and has invested in an additional 14 parcels of land in Florida and New Jersey.

These 14 parcels consist of 6 single family residential units and 8 vacant parcels of land. Five of the six rental units have the potential to generate cash flow equal to or exceeding the financing and maintenance costs of the units.

Debtor has a negative cash flow averaging $13,168.83 per month for the past 12 months.

This negative cash flow was created by the occurrence of two events.

First, the debtor was involved in litigation with General Insurance Company. Debtor's Chiropractic practice is based upon insurance payments from a client base that is primarily Haitian. General Insurance Company's deposition of the debtor's

–1–

patients has scared that community which resulted in a steep decline of revenue from the practice. Debtor is slowly rebuilding his practice.

Second, due to the economic downturn, all units were not rented or was unproductive vacant land and all had negative equity.

## Plan Intent

The intent of the plan is to surrender all vacant land plus the non-productive rental property to the mortgagee. Those properties would be valued at the current assessed value. Any undersecured amount above assessed value will be classed as an unsecured claim. The total of these unsecured claims would be paid pro rata over the 60-month life of the plan and upon completion of the plan, any remaining amount discharged.

The principal and term of the mortgages on the debtor's home and remaining 5 rental properties would remain the same. Those mortgages would be modified only as to the interest rate, which would be reduced to at or below the prime rate of 3.25%.

The reduction in interest and return of the 8 vacant parcels and one rental property will allow all creditors to be paid in excess of the amount they would receive under a Chapter 7 liquidation. However, gross revenues of the debtor's Chiropractic practice have decreased somewhat over the past year. Prior to filing, the debtor had been able to make up the shortfall on real estate cost with the Chiropractor practice. This is not a realistic prospect at this time. The difference must be made up in property liquidations and interest reductions.

## Plan Summary

**Part 1** contains the treatment of creditors with secured claims.

**Part 2** contains the treatment of general unsecured creditors.

The allowed claims will receive 90% of the debtors' disposable income over the next 60 months of the plan.

There are no Taxes and other priority claims, except debtor's attorney fees, as shown in Part 3.

Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan. Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than . The court will hold a hearing on confirmation of the Plan on [date] at [time].

Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation.

Exhibit 1 shows Debtor's monthly monthly income and expenses and cash flow analysis.

Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation.

Debtor's monthly income and expenses related to each property are reflected within the plan.

Whether the Plan is confirmed is subject to complex legal rules that cannot be fully described here. You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts. Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan.

If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights.

Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments. Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

## PLAN OF REORGANIZATION

## PART 1: TREATMENT OF SECURED CREDITORS

## CLASS 1

**Property to be Retained.**
**Debtor to Adjust Term and Interest Rate**
**and Pay Principal Amount Due in Full Over Time.**

| Claim # | 1 | 9 | 8 |
|---|---|---|---|
| Name of Creditor | Fifth Third Mortgage Company | Wells Fargo Bank, N.A | Bank of America, N.A. |
| Collateral | 1124 NW 116th Ave. Plantation, FL | 8950 NW 38th St., Cooper, FL | 5230 South Pine Road, Davie, FL |
| Property Value | $955,990.00 | $276,530.00 | $350,270.00 |
| Amount Due | $950,153.10 | $419,906.20 | $229,003.94 |
| Interest Rate | 7% | 6.125% | 3.125%    (ARM) |
| Monthly Payment | P & I    **6,431.87**<br>Escrow    4,847.94<br>TOTAL: **11,279.81** | P & I    2,770.70<br>Escrow    4,847.94<br>TOTAL: **1,827.46** | P & I<br>Escrow<br>TOTAL: **2,118.75** |
| Term | 30 years<br>294 payments<br>Remaining | 30 years<br>264 payments<br>Remaining | 30 years<br>307 payments<br>Remaining |
| Modified interest rate | 3.25% | 3.25% | 2.75%    (Fixed) |
| Modified Term | 30 years | 30 years | 30 years |
| Modified Monthly Payment | P & I    **4,135.13**<br>Escrow    4,847.94<br>TOTAL    **8,983.07** | P & I    **1,827.46**<br>Escrow    4,847.94<br>TOTAL    **6,675.40** | P & I    934.89<br>Escrow<br>TOTAL |

| Claim # | 4 | 5 | |
|---|---|---|---|
| Name of Creditor | MidFirst Bank | MidFirst Bank | |
| Collateral | 1116 Asbury Ave,, Asbury Park, NJ | 1118 Asbury Ave,, Asbury Park, NJ | |
| Property Value | $88,800.00 | $88,300.00 | |
| Amount Due | $65,623.58 | $419,906.20 | |
| Interest Rate | 5.25% | 6.125% | |
| Monthly Payment | P & I        **$964.65** Escrow     4,847.94 TOTAL: **11,279.81** | P & I      2,770.70 Escrow    4,847.94 TOTAL: **1,827.46** | |
| Term | 30 years 294 payments Remaining | 30 years 264 payments Remaining | |
| Modified interest rate | 3.25% | 3.25% | |
| Modified Term | 30 years | 30 years | |
| Modified Monthly Payment | P & I        **285.60** Escrow     4,847.94 TOTAL     **8,983.07** | P & I      **1,827.46** Escrow    4,847.94 TOTAL   **6,675.40** | |

Debtor will pay the entire amount contractually due with interest through [number] equal monthly payments, due the [number] day of the month, starting [month & year] on the above secured claims. Creditors in these classes shall retain their interest in the collateral until Debtor makes all payments on the allowed secured claim specified in the Plan.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(b)). **These secured claims are impaired and are entitled to vote on confirmation of the Plan.**

Payments to claimants in these classes may continue past the date Debtor obtains a discharge. The claimant's rights against its collateral shall not be

affected by the entry of discharge, but shall continue to be governed by the terms of this Plan.

## CLASS 2
## Property to be Sold.

| Class | Name of Creditor | Collateral | Value of Collateral | Principal Balance |
|-------|------------------|------------|---------------------|-------------------|
| No Claim filed | Bank of America | 9 Camel Way Eatontown, NJ | $293,701.00 | $310,000.00 |
| No Claim filed | Wauchula State Bank | 4109-414-0038-000/2 Port Saint Lucie 9/10 37 37 that part of sec mpdaf: from sw cor of sec 10 run n 00 25 00 E Alg W Li of Sec 2496 Ft t (VACANT LAND) | $146,000.00 | 282,000.00 |
| | No lien | 14455 NW 242nd St, Okeechobee 1-36-34-33-0A00-00032-G00 | $5,100.00 | |

| | No lien | 19038 NW 264th St. Okeechobee 1-27-34-33-0A00-00024-A000 | $3,000.00 | |
|---|---|---|---|---|
| | No lien | 20216 NW 274th St, Okeechobee 1-21-34-33-0A00-0027-I000 | $2,500.00 | |
| | No lien | 20268 NW 274th St, Okeechobee 1-21-34-33-0A00-00027-J000 | $2,500.00 | |
| | No lien | 20321 NW 262nd St, Okeechobee 1-28-34-33-0A00-00022-F000 | $2,500.00 | |
| | No lien | 20787 NW 276th St, Okeechobee 1-21-34-33-0A00-00024-M000 | $3,000.00 | |

Debtor will sell the above collateral or non-collateral realty by March 2013, paying secured creditors from the proceeds of the sale.

Debtor will be filing an application to approve the realtor to be selected. Debtor will file a motion for approval of any such sale on 28 days notice to lien holders.  Unless the court orders otherwise, a lienholder whose lien is not in bona

fide dispute may credit bid the amount of its lien at the sale.

Because no claims have been filed for this class, any deficiency claim shall be discharged.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(b)). **These secured claims are not impaired and are entitled to vote on confirmation of the Plan.**

**CLASS 3**

**Property to be Surrendered, valued at assessed value, unsecured balance paid over the life of the plan.**

| Claim | Name of Creditor | Collateral | Value of Collateral | Monthly Payment |
|---|---|---|---|---|
| 2 | Seacoast National Bank | 128 S.W. Hawthorne Circle, Port Saint Lucie, FL | $121,660 | $65,300.18 |
| 3 | Seacoast National Bank | 128 S.W. Hawthorne Circle, Port Saint Lucie, FL | | $243,730.37 |

The property will be surrendered to the creditor.

A motion to value the property shall be filed, if the the debtor and the creditor cannot come to a stipulation as to value.

This class is not impaired and is not entitled to vote.

Any deficiency claim is a general unsecured claim treated in Part 2.

## PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS

**Class 2(a). Small Claims.**

| Claim | Name of Creditor | Amount of Claim | Amount to be paid |
|---|---|---|---|
| 6 | Chase Bank USA, N.A. | $1,252.60 | $750.00 |

　　　　This class includes any creditor whose allowed claim is $1,500.00 or less, and any creditor in Class 2(b) whose allowed claim is larger than $1,500.00, but agrees to reduce its claim to $ [number]. Each creditor will receive on the Effective Date of the Plan a single payment equal to the lesser of its allowed claim or $750.00.

　　　　Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(b)). **Claimants in this class are impaired and are entitled to vote on confirmation of the Plan, unless their claims are paid in full with interest on the Effective Date of the Plan.**

**Class 2(b). [Other] General Unsecured Claims.**

| Claim | Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Monthly Payment |
|---|---|---|---|---|---|
| 2 | Seacoast National Bank | $65,300.18 | Y | $65,300.18 of the value of surrendered collateral, | -0- |
| 3 | Seacoast National Bank | 243,730.37, less value of surrendered collateral, | Y | $55,000.00 of the value of surrendered collateral. | |

　　　　All known non-priority unsecured creditors, including deficiency claims,

and rejection claims, whether scheduled or based on proofs of claim on file, are listed in the above table.]

Allowed claims of general unsecured creditors, excluding allowed claims of creditors whose executory contracts or unexpired leases are being rejected under this Plan) shall be paid as follows:

**Percent Plan.** Creditors will receive **30** percent of their allowed claim in 60 equal monthly installments, due on the first day of the month, starting December 2012.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(b)).  **This class is impaired and is entitled to vote on confirmation of the Plan.**  Debtor has indicated below whether a particular claim is disputed.

## PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS
(a) <u>Professional Fees</u>.

Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
|---|---|
| John J. Anastasio, Esq. | $25,000.00 |
| Attorney for the debtors. | |

The above professional has agreed to accept payment upon approval by the court.

Professionals may not take collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(b)).  **Estate professionals are not entitled to vote on confirmation of the Plan.**

(b) <u>Other Administrative Claims</u>.  Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which

shall be paid when normally due and payable (these creditors are not listed below). All fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(b)). **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
|---|---|
| None | |
| | |

(c)  <u>Tax Claims</u>.  The Internal Revenue Service filed claim number 7, which has been withdrawn.

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| Internal Revenue Service | Withdrawn | -0- | -0- | -0- |

## PART 4:    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(a)  <u>Executory Contracts/Unexpired Leases Assumed</u>.   Debtor assumes the following executory contracts and/or unexpired leases upon confirmation of this Plan and will perform all pre-confirmation and post-confirmation obligations thereunder.  Post-confirmation obligations will be paid as they come due.  Pre-confirmation arrears will be paid [select one] [in full on the Effective Date] in [number] equal [monthly/quarterly] installments beginning on the first day of [month & year].

| Name of Counter-Party | Description of Contract/Lease | Estimated Total Cure Amount | Installment Amount | Number of Instal-lments |
|---|---|---|---|---|

| Direct General Insurance Company | Insurance litigation settlement agreement | $93,333.32 | $1,111.00 | |
| | Chiropractic Practice leasehold at 900 Commercial Blvd, Fort Lauderdale, FL | | $2,491.00 | |

(b) <u>Executory Contracts/Unexpired Leases Rejected</u>.  Debtor rejects the following executory contracts and/or unexpired leases and surrenders any interest in the affected property, and allows the affected creditor to obtain possession and dispose of its property, without further order of the court.  Claims arising from rejection of executory contracts have been included in Class 2 (general unsecured claims).

| Name of Counter-Party | Description of Contract/Lease |
| --- | --- |
| None | |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed rejected.

## PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION

(a)  <u>Discharge</u>.  Debtor shall not receive a discharge of debts  until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b)  <u>Vesting of Property</u>.  On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c)  <u>Plan Creates New Obligations</u>.  Except as provided in Part 6(d), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan.

Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an

action for breach of contract under California law.  To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

## PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN

(a)  <u>Creditor Action Restrained</u>.  The confirmed Plan is binding on every creditor whose claims are provided for in the Plan.  Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in default under the Plan, except as provided in Part 6(e) below.

(b)  <u>Obligations to Each Class Separate</u>.  Debtor's obligations under the Plan are separate with respect to each class of creditors.  Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes.  For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c)  <u>Material Default Defined</u>.  If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default.  If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

(d)  <u>Remedies Upon Material Default</u>.  Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

(e)  Claims not Affected by Plan.  Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f)  Effect of Conversion to Chapter 7.  If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g)  Retention of Jurisdiction.  The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

## PART 7: GENERAL PROVISIONS

(a)  Effective Date of Plan.  The Effective Date of the Plan is the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed.  If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed.  If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b)  Disputed Claim Reserve.  Debtor will create a reserve for disputed claims. Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed.  If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to

the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim. Any funds no longer needed in reserve shall be [select one] [returned to Debtor] [distributed pro-rata among allowed claims in this class].

(c) <u>Cramdown</u>. Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d) <u>Severability</u>. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e) <u>Governing Law</u>. Except to the extent a the Bankruptcy Code, federal rule of decision or procedure applies, the laws of the State of Florida shall govern the Plan.

(f) <u>Lawsuits</u>.

Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|-------|--------------|-----------------|-----------------|-----------------------------------|
| None  |              |                 |                 |                                   |

(g) <u>Notices</u>. Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

(h) <u>Post-Confirmation United States Trustee Fees</u>. Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6). So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i)  <u>Deadline for § 1111(b) Election</u>.  Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.

Dated: September 17, 2012

                        ___s/_ John J. Anastasio _____
John J. Anastasio, Esq.
Suite 203
3601 South East Ocean Boulevard
Stuart, Florida 34996
(772) 286-3336
Florida Bar #0722367
Attorney for the debtors

EXHIBIT 1

**DEBTOR'S MONTHLY MONTHLY MONTHLY INCOME AND EXPENSES AND CASH FLOW ANALYSIS.**

# EXHIBIT 1

# DEBTOR'S MONTHLY MONTHLY INCOME AND EXPENSES AND CASH FLOW ANALYSIS.

SUMMARY OF CASH RECEIPTS AND CASH DISBURSEMENTS

| Case Name: | In re: KENEL CAZEAU and BERNADETTE CAZEAU |
|---|---|
| Case Number: | 11-31153-JKO |

Note: The information requested below is a summary of the information reported the various Schedules and Attachments contained within this report.

| | Month Aug-11 | Month Sep-11 | Month Oct-11 | Month Nov-11 | Month Dec-11 | Month Jan-12 | Month Feb-12 | Month Mar-12 | Month Apr-12 | Month May-12 | Month Jun-12 | Month Jul-12 | Cumulative Total | MONTHLY AVERAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CASH- Beginning of Month (Household) | $0.00 | $9,188.00 | $8,485.00 | $6,492.00 | $2,326.00 | $35,129.00 | $27,483.00 | $11,182.00 | $5,097.00 | $4,031.00 | $1,378.00 | $3,766.00 | $114,557.00 | $9,546.42 |
| CASH- Beginning of Month (Business) | $145,740.00 | $140,815.00 | $138,612.00 | $131,287.00 | $147,961.00 | $99,248.00 | $88,620.00 | $100,618.00 | $102,220.00 | $94,353.00 | $91,030.00 | $64,190.00 | $1,344,694.00 | $112,057.83 |
| | | | | | | | | | | | | | | |
| Total Household Receipts | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Total Business Receipts | $46,784.00 | $43,961.00 | $46,168.00 | $46,492.00 | $36,261.00 | $36,612.00 | $37,573.00 | $44,775.00 | $39,142.00 | $42,520.00 | $27,920.00 | $24,101.00 | $472,309.00 | $39,359.08 |
| Total Receipts | $46,784.00 | $43,961.00 | $46,168.00 | $46,492.00 | $36,261.00 | $36,612.00 | $37,573.00 | $44,775.00 | $39,142.00 | $42,520.00 | $27,920.00 | $24,101.00 | $472,309.00 | $39,359.08 |
| | | | | | | | | | | | | | | |
| Total Household Disbursements | $5,811.00 | $35,604.00 | $39,430.00 | $32,166.00 | $34,552.00 | $27,569.00 | $31,301.00 | $36,084.00 | $39,066.00 | $32,633.00 | $34,133.00 | $29,606.00 | $377,955.00 | $31,496.25 |
| Total Business Disbursements | $51,572.00 | $22,560.00 | $18,023.00 | $30,100.00 | $15,283.00 | $22,505.00 | $25,575.00 | $13,154.00 | $9,010.00 | $12,476.00 | $18,260.00 | $13,862.00 | $252,380.00 | $21,031.67 |
| Total Disbursements | $57,383.00 | $58,164.00 | $57,453.00 | $62,266.00 | $49,835.00 | $50,074.00 | $56,876.00 | $49,238.00 | $48,076.00 | $45,109.00 | $52,393.00 | $43,468.00 | $630,335.00 | $52,527.92 |
| | | | | | | | | | | | | | | |
| NET CASH FLOW (Total Receipts minus Total Disbursements) | -$10,599.00 | -$14,203.00 | -$11,285.00 | -$15,774.00 | -$13,574.00 | -$13,462.00 | -$19,303.00 | -$4,463.00 | -$8,934.00 | -$2,589.00 | -$24,473.00 | -$19,367.00 | -$158,026.00 | -$13,168.83 |
| | | | | | | | | | | | | | | |
| CASH- End of Month (Individual) | $0.00 | $0.00 | $0.00 | $0.00 | $35,139.00 | $38,859.00 | $11,182.00 | $5,097.00 | $6,031.00 | $1,398.00 | $3,765.00 | $5,160.00 | $106,631.00 | $8,885.92 |
| CASH- End of Month (Business) | $135,004.00 | $135,800.00 | $135,812.00 | $122,005.00 | $99,248.00 | $88,620.00 | $100,618.00 | $102,220.00 | $48,076.00 | $91,030.00 | $64,190.00 | $50,249.00 | $1,172,872.00 | $97,739.33 |

CALCULATION OF DISBURSEMENTS FOR UNITED STATES TRUSTEE QUARTERLY FEES

| | Aug-11 | Sep-11 | Oct-11 | Nov-11 | Dec-11 | Jan-12 | Feb-12 | Mar-12 | Apr-12 | May-12 | Jun-12 | Jul-12 | Total | Average |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL DISBURSEMENTS (From Above) | $57,383.00 | $58,164.00 | $57,453.00 | $62,266.00 | $49,835.00 | $50,074.00 | $56,876.00 | $49,238.00 | $48,076.00 | $45,109.00 | $52,393.00 | $43,468.00 | $630,335.00 | $52,527.92 |
| Less: Any Amounts Transferred or Paid from the Business Account to the Household Account (i.e., Salary Paid to Debtor or Owner's Draw) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | | | | | | | | | | | | | | |
| DISBURSEMENTS FOR U.S. TRUSTEE FEE CALCULATION | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

## SCHEDULE OF HOUSEHOLD
## CASH RECEIPTS AND CASH DISBURSEMENTS

| | Month Aug-11 | Month Sep-11 | Month Oct-11 | Month Nov-11 | Month Dec-11 | Month Jan-12 | Month Feb-12 | Month Mar-12 | Month Apr-12 | Month May-12 | Month Jun-12 | Month Jul-12 | Cumulative Total | MONTHLY AVERAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CASH - Beginning of Month | $0.00 | $9,188.00 | $8,485.00 | $6,492.00 | $2,326.00 | $33,928.00 | $27,483.00 | $11,181.00 | $5,097.00 | $4,031.00 | $1,398.00 | $3,766.00 | $113,375.00 | $9,447.92 |
| **CASH RECEIPTS** | | | | | | | | | | | | | | |
| Salary or Cash from Business | $15,000.00 | $35,000.00 | $37,500.00 | $28,000.00 | $65,000.00 | $32,500.00 | $15,000.00 | $30,000.00 | $38,000.00 | $30,000.00 | $365,000.00 | $31,000.00 | $722,000.00 | $60,166.67 |
| Wages from Other Sources (attach list to this report) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Interest or Dividend Income | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Alimony or Child Support | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Social Security/Pension/Retirement | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Sale of Household Assets (attach list to this report) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Loans/Borrowing from Outside Sources (attach list to this report) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Other (specify) (attach list to this report) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| **TOTAL RECEIPTS** | $15,000.00 | $35,000.00 | $37,500.00 | $28,000.00 | $65,000.00 | $32,500.00 | $15,000.00 | $30,000.00 | $38,000.00 | $30,000.00 | $365,000.00 | $31,000.00 | $722,000.00 | $60,166.67 |
| **CASH DISBURSEMENTS** | | | | | | | | | | | | | | |
| Alimony or Child Support Payments | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Charitable Contributions | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Gifts | $0.00 | $366.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $223.00 | $0.00 | $0.00 | $0.00 | $0.00 | $589.00 | $49.08 |
| Household Expenses/Food/Clothing | $415.00 | $1,635.00 | $1,985.00 | $2,856.00 | $3,099.00 | $3,128.00 | $2,441.00 | $2,810.00 | $1,178.00 | $1,025.00 | $2,925.00 | $2,136.00 | $25,633.00 | $2,136.08 |
| Household Repairs & Maintenance | $0.00 | $300.00 | $300.00 | $0.00 | $350.00 | $325.00 | $2,642.00 | $418.00 | $553.00 | $665.00 | $983.00 | $383.00 | $6,919.00 | $576.58 |
| Insurance | $0.00 | $3,069.00 | $0.00 | $294.00 | $2,181.00 | $1,497.00 | $294.00 | $2,512.00 | $294.00 | $2,079.00 | $1,573.00 | $2,974.00 | $16,767.00 | $1,397.25 |
| IRA Contribution | $0.00 | $0.00 | $774.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $774.00 | $64.50 |
| Lease/Rent Payments | $0.00 | $2,493.00 | $3,453.00 | $2,522.00 | $2,492.00 | $2,492.00 | $2,492.00 | $2,496.00 | $3,286.00 | $2,495.00 | $2,489.00 | $2,491.00 | $29,201.00 | $2,433.42 |
| Medical/Dental Payments | $0.00 | $240.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $240.00 | $20.00 |
| Mortgage Payment(s) | $11,280.00 | $11,280.00 | $11,280.00 | $11,280.00 | $11,280.00 | $11,280.00 | $8,685.00 | $8,685.00 | $8,685.00 | $8,685.00 | $6,617.00 | $6,617.00 | $115,654.00 | $9,637.83 |
| Other Secured Payments | $4,826.00 | $11,929.00 | $11,779.00 | $11,775.00 | $11,775.00 | $10,812.00 | $11,775.00 | $11,775.00 | $11,775.00 | $11,775.00 | $14,516.00 | $11,804.00 | $136,316.00 | $11,359.67 |
| Taxes - Personal Property | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $412.00 | $412.00 | $34.33 |
| Taxes - Real Estate | $2,599.00 | $0.00 | $2,599.00 | $0.00 | $0.00 | $0.00 | $0.00 | $7,070.00 | $2,455.00 | $0.00 | $0.00 | $0.00 | $14,723.00 | $1,226.92 |
| Taxes Other (attach schedule) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Travel & Entertainment | $0.00 | $390.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $720.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,110.00 | $92.50 |
| Tuition/Education | $0.00 | $0.00 | $0.00 | $450.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $450.00 | $37.50 |
| Utilities (Electric, Gas, Water, Cable, Sanitation) | $0.00 | $790.00 | $1,483.00 | $801.00 | $969.00 | $918.00 | $1,104.00 | $1,037.00 | $996.00 | $532.00 | $969.00 | $820.00 | $10,419.00 | $868.25 |
| Vehicle Expenses | $0.00 | $653.00 | $870.00 | $0.00 | $543.00 | $0.00 | $0.00 | $0.00 | $0.00 | $680.00 | $439.00 | $360.00 | $3,545.00 | $295.42 |
| Vehicle Secured Payment(s) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| U. S. Trustee Quarterly Fees | $0.00 | $0.00 | $650.00 | $325.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,625.00 | $0.00 | $975.00 | $3,575.00 | $297.92 |
| Professional Fees (Legal, Accounting) (Filing fee) | $0.00 | $0.00 | $1,054.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,750.00 | $0.00 | $2,804.00 | $233.67 |
| Other (attach schedule) (Bank charges) | $486.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $10.00 | $0.00 | $0.00 | $10.00 | $10.00 | $516.00 | $43.00 |
| Direct General Insurance settlement payment | $2,222.00 | $1,111.00 | $1,111.00 | $1,111.00 | $1,111.00 | $1,111.00 | $1,111.00 | $1,111.00 | $1,111.00 | $1,111.00 | $1,111.00 | $1,111.00 | $14,443.00 | $1,203.58 |
| Internal Revenue Service | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $7,895.00 | $0.00 | $0.00 | $0.00 | $7,895.00 | $657.92 |
| Sallie Mae | $0.00 | $1,498.00 | $751.00 | $0.00 | $752.00 | $752.00 | $752.00 | $751.00 | $154.00 | $1,981.00 | $751.00 | $751.00 | $9,645.00 | $803.75 |
| **Total Household Disbursements** | $21,828.00 | $35,754.00 | $38,089.00 | $32,166.00 | $34,552.00 | $32,315.00 | $31,296.00 | $38,898.00 | $39,102.00 | $32,653.00 | $34,133.00 | $30,844.00 | $401,630.00 | $33,469.17 |
| CASH - End of Month (Must equal reconciled bank statement-Attachment No. 2) | $9,188.00 | $8,584.00 | $6,555.00 | $2,326.00 | $32,774.00 | $38,857.00 | $11,182.00 | $0.00 | $4,031.00 | $1,398.00 | $3,765.00 | $5,160.00 | $123,820.00 | $10,318.33 |

SCHEDULE OF BUSINESS
CASH RECEIPTS AND CASH DISBURSEMENTS

| | Month Aug-11 | Month Sep-11 | Month Oct-11 | Month Nov-11 | Month Dec-11 | Month Jan-12 | Month Feb-12 | Month Mar-12 | Month Apr-12 | Month May-12 | Month Jun-12 | Month Jul-12 | Cumulative | MONTHLY AVERAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CASH - Beginning of Month | $165,740.00 | $138,612.00 | $138,612.00 | $131,287.00 | $147,961.00 | $99,248.00 | $88,620.00 | $100,618.00 | $102,220.00 | $94,352.00 | $91,030.00 | $3,766.00 | $1,302,066.00 | $108,505.50 |
| **BUSINESS CASH RECEIPTS** | | | | | | | | | | | | | | |
| Cash Sales | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Account Receivable Collection | $39,681.00 | $37,734.00 | $37,734.00 | $39,766.00 | $22,141.00 | $28,116.00 | $28,903.00 | $28,773.00 | $31,567.00 | $35,020.00 | $20,345.00 | $16,396.00 | $366,176.00 | $30,514.67 |
| Loans/Borrowing from Outside Sources (attach list to this report) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Rental Income | $6,966.00 | $8,434.00 | $8,434.00 | $6,726.00 | $8,866.00 | $8,496.00 | $8,670.00 | $10,554.00 | $7,525.00 | $7,500.00 | $7,575.00 | $7,705.00 | $97,451.00 | $8,120.92 |
| Sale of Business Assets (attach list to this report) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Other (specify) (attach list to this report) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Mortgage refund | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $5,428.00 | $0.00 | $0.00 | $0.00 | $0.00 | $5,428.00 | $452.33 |
| **Total Business Receipts** | $46,647.00 | $46,168.00 | $46,168.00 | $46,492.00 | $31,007.00 | $36,612.00 | $37,573.00 | $44,755.00 | $39,092.00 | $42,520.00 | $27,920.00 | $24,101.00 | $469,055.00 | $39,087.92 |
| **BUSINESS CASH DISBURSEMENTS** | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Net Payroll (Excluding Self) | $10,092.00 | $7,758.00 | $7,758.00 | $7,775.00 | $13,183.00 | $7,759.00 | $7,759.00 | $0.00 | $7,758.00 | $7,758.00 | $9,304.00 | $5,425.00 | $92,329.00 | $7,694.08 |
| Salary Paid to Debtor or Owner's Draw (e.g., transfer to Household Account) | $33,600.00 | $50,600.00 | $50,600.00 | $28,000.00 | $82,875.00 | $10,005.00 | $17,816.00 | $39,000.00 | $47,010.00 | $45,843.00 | $48,750.00 | $37,699.00 | $491,798.00 | $40,983.17 |
| Taxes - Payroll | $2,200.00 | $2,100.00 | $2,100.00 | $2,100.00 | $2,100.00 | $4,741.00 | $0.00 | $0.00 | $0.00 | $6,333.00 | $6,000.00 | $333.00 | $28,007.00 | $2,333.92 |
| Taxes - Sales | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Taxes Other (attach schedule) (Real Estate) | $2,599.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,455.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $5,054.00 | $421.17 |
| Contract Labor (Subcontractors) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Inventory Purchases | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Secured/Lease Payments (Business) | $1,547.00 | $3,453.00 | $3,453.00 | $2,522.00 | $2,492.00 | $2,692.00 | $2,492.00 | $2,492.00 | $3,286.00 | $2,495.00 | $2,489.00 | $2,491.00 | $31,904.00 | $2,658.67 |
| Utilities (Business) | $259.00 | $774.00 | $774.00 | $306.00 | $969.00 | $918.00 | $1,104.00 | $1,037.00 | $1,142.00 | $532.00 | $969.00 | $820.00 | $9,604.00 | $800.33 |
| Insurance | $2,508.00 | $0.00 | $0.00 | $295.00 | $2,181.00 | $1,497.00 | $294.00 | $2,512.00 | $294.00 | $2,079.00 | $1,573.00 | $2,974.00 | $16,207.00 | $1,350.58 |
| Vehicle Expenses | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Travel & Entertainment | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Repairs and Maintenance | $0.00 | $0.00 | $0.00 | $773.00 | $0.00 | $1,668.00 | $2,647.00 | $0.00 | $0.00 | $0.00 | $983.00 | $383.00 | $6,454.00 | $537.83 |
| Supplies | $0.00 | $1,343.00 | $1,343.00 | $3,219.00 | $0.00 | $2,800.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $8,705.00 | $725.42 |
| Charitable Contributions/Gifts | $150.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $150.00 | $12.50 |
| Purchase of Fixed Assets | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Advertising | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Bank Charges | $151.00 | $0.00 | $0.00 | $0.00 | $0.00 | $10.00 | $0.00 | $12.00 | $0.00 | $0.00 | $10.00 | $10.00 | $193.00 | $16.08 |
| Other (attach schedule) | $0.00 | $773.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,975.00 | $0.00 | $0.00 | $0.00 | $0.00 | $3,748.00 | $312.33 |
| Houshold expenses | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,165.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,165.00 | $97.08 |
| **Total Business Disbursements** | $53,106.00 | $66,801.00 | $66,028.00 | $44,990.00 | $103,800.00 | $34,545.00 | $32,112.00 | $49,193.00 | $59,490.00 | $65,040.00 | $70,078.00 | $50,135.00 | $695,318.00 | $57,943.17 |
| CASH - End of Month (Must equal reconciled bank statement - Attachment No. 2) | $0.00 | $131,347.00 | $131,347.00 | $147,679.00 | $99,248.00 | $88,620.00 | $100,618.00 | $102,220.00 | $0.00 | $91,029.00 | $0.00 | $50,249.00 | $942,357.00 | $78,529.75 |

**EXHIBIT 2**

**WHAT CREDITORS WOULD RECEIVE IF THE CASE WERE CONVERTED TO A CHAPTER 7**

## Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| Cash | 4,000.00 | -0- | 4,000.00 | -0- |
| Automobile #1 | 2,000.00 | -0- | 2,000.00 | -0- |
| Automobile #2 | 12,000.00 | -0- | -0- | 12,000.00 |
| Automobile #3 | 8,000.00 | -0- | 5,000.00 | 3,000 |
| Household Furnishings | 1,000.00 | -0- | 1,000.00 | -0- |
| Jewelry | -0- | -0- | -0- | -0- |
| Equipment | -0- | -0- | -0- | -0- |
| Stocks / Investments | -0- | -0- | -0- | -0- |
| Other Personal Property | -0- | -0- | -0- | -0- |
| TOTAL | | | | 15,000.00 |

# Real Property

| Description | Liquidation Value | Secured Claim | Net Proceeds |
|---|---|---|---|
| 1116 Asbury Avenue , Asbury Park, New Jersey | 88,800.00 | 65,623.58 | 17,000.00-0- |
| 1118 Asbury Avenue, Ashbury Park, New Jersey | 88,300.00 | 419,906.20 | -0- |
| 1124 NW 116th Avenue, Plantation, Florida | 955,500.00 | 950,000.00 | 5,000.00 |
| 128 S.W Hawthorne Circle, Port Saint Lucie, Florida | 24,600.00 | 332,000.00 | -0- |
| 14455 NW 242nd St, Okeechobee | 5,100.00 | -0- | 5,100.00 |
| 19038 NW 264th St. Okeechobee | 3,060.00 | -0- | 3,060.00 |
| 20216 NW 274th St, Okeechobee | 2,550.00 | -0- | 2,550.00 |
| 20268 NW 274th St, Okeechobee | 2,550.00 | -0- | 2,550.00 |
| 20321 NW 262nd St, Okeechobee | 2,550.00 | -0- | 2,550.00 |
| 20787 NW 276th St, Okeechobee | 3,060.00 | -0- | 3,060.00 |
| 2202-111-0003-000/8 Port Saint Lucie | 121,000.00 | -0- | 121,000.00 |
| 4109-414-0038-000/2 Port Saint Lucie | 146,016.00 | 282,000.00 | -0- |
| 5230 South. Pine Island Road., Davie Florida | 280,890.00 | 228,705.00 | 60,000.00 |
| 8950 NW 38th Street, Cooper City Florida | 276,530.00 | 350,00.00 | -0- |
| 9 Carmel Way, Eatontown, New Jersey | 293,701.00 | 310,000.00 | -0- |
| TOTAL | 2,294,000.00 | | 221,500.00 |

**The costs of liquidating the above properties at 6% for only realtor commissions is $137, 640.00,**

**This assumes sales for full value and does not consider the costs of maintenance, taxes and insurance, or sales prices at auction, which would may result in no net recovery for creditors.**